# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **LAUREN STOBBE,** ) <br> c/o Cornerstone Law Firm ) <br> 8350 N. St. Clair Ave., Ste., 225 ) <br> Kansas City, MO 64151 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **SDI OF BETHANY MO LLC** ) <br> **D/B/A SONIC DRIVE IN** ) <br> Serve at: ) <br> 3808 Miller St., ) <br> Bethany, MO 64424 ) <br> ) <br> Defendant. ) | Case No.: _____ <br><br><br><br> **REQUEST FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Lauren Stobbe, by and through her attorney, and for her cause of action against Defendant SDI of Bethany MO LLC d/b/a Sonic Drive In, alleges as follows:

### Parties and Jurisdiction

1. This is an employment case arising under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Title VII) and the Missouri Whistleblower's Protection Act, Mo. Rev. Stat. § 285.575.

2. Plaintiff is a female citizen of the United States, currently residing in Eagleville, Harrison County, Missouri.

3. Defendant SDI of Bethany MO LLC d/b/a Sonic Drive In ("Defendant" or "Sonic Drive In") is a limited liability company organized under the laws of Missouri with its principal place of business in Bethany, Missouri.

4. Defendant maintains and operates a place of business at 3808 Miller St., Bethany, Missouri 64424.

5. Defendant employs fifteen or more people in the state of Missouri.

6. Defendant is an "employer" within the meaning of the Title VII.

7. Defendant conducts substantial and continuous business in the state of Missouri.

8. The unlawful conduct described herein occurred at Defendant's place of business at 3808 Miller St., Bethany, Harrison County, Missouri 64424.

9. This court has jurisdiction over the parties and subject matter of this action.

10. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal law.

11. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claim is so related to her federal law claim that it forms part of the same case or controversy.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## Administrative Procedures

13. On or about June 18, 2019, Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant alleging discrimination based on sex and retaliation (attached as Exhibit 1 and incorporated herein by reference).

14. On January 8, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference).

15. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be as broad as the scope of an EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

16. This lawsuit is filed within ninety days of the issuance of the EEOC's Notice of Right to Sue.

17. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

18. This action is filed within the applicable statutes of limitations.

**Additional Factual Allegations**

19. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

20. Plaintiff began working for Defendant in April 2019.

21. During her employment, Plaintiff worked as a carhop.

22. On or about May 18, 2019, Plaintiff's coworker, Casey, smacked Plaintiff on her buttocks.

23. Plaintiff reported Casey's conduct to her assistant manager.

24. Plaintiff's assistant manager noted that Casey had a history of engaging in similar inappropriate behavior.

25. On May 18, 2019, Plaintiff filed a police report and alleged Casey had committed unlawful sexual assault.

26. Police were dispatched to Sonic's premises the same evening Plaintiff filed her police report.

27. Plaintiff's allegations were substantiated by video surveillance.

28. The next morning, on May 19, 2019, Plaintiff's manager telephoned her and terminated her employment.

## COUNT I
## Violation under 42 U.S.C. §§ 2000e *et seq.*
## Sexual Harassment—Hostile Work Environment

29. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

30. Plaintiff is female and therefore a member of a protected class.

31. Plaintiff was subjected to unwelcome harassment because of her sex.

32. The sexual harassment to which Plaintiff was subjected was severe or pervasive.

33. The sexual harassment affected a term, condition, or privilege of Plaintiff's employment because the conduct was continuous, outrageous, humiliating, and reasonably interfered with Plaintiff's ability to perform the functions of her employment.

34. Defendant Sonic Drive-In knew or should have known of the harassment and failed to take appropriate action.

35. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

36. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress damages, and related compensatory damages.

37. By failing to take prompt and effective remedial action, Defendant, in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

38. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including

4
Case 5:20-cv-06053-BP   Document 1   Filed 04/07/20   Page 4 of 9

the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other companies from like conduct in the future.

39. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant as provided by Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against the Defendant for economic damages, including, but not limited to: back-pay, lost benefits, front-pay, injunctive relief, compensatory damages, including garden variety emotional distress, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation under 42 U.S.C. §§ 2000e *et seq*.
### Retaliation

40. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

41. Plaintiff engaged in a protected activity pursuant to Title VII because she made a good faith complaint of sexual harassment in the workplace.

42. Defendant took adverse action against Plaintiff because it terminated her employment or otherwise removed her from the work schedule.

43. Defendant subjected Plaintiff to an adverse action because she made a good faith complaint of sexual harassment.

44. As a direct and proximate result of the Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

45. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages.

46. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other employers from like conduct in the future.

47. Plaintiff is entitled to recover from Defendant, reasonable attorneys' fees as provided by Title VII.

48. By failing to take prompt and effective remedial action, Defendant, in effect condoned, ratified and/or authorized retaliation against Plaintiff.

49. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other companies from like conduct in the future.

50. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant as provided by Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against the Defendant for economic damages, including, but not limited to: back-pay, lost benefits, front-pay, injunctive relief, compensatory damages, including garden variety emotional distress, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-

judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT III
### Violation under MO. REV. STAT. § 285.575
### Wrongful Termination

51. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

52. Plaintiff is a "protected person" pursuant to the Whistleblower's Protection Act because she is a [former] employee of an employer who:

    a. reported to the proper authorities an unlawful act of her employer;

    b. reported serious misconduct to various supervisory/managerial employees of Defendant and said misconduct violated a clear mandate of public policy as articulated in the statutes and regulations prohibiting assault or battery; and/or

    c. refused to carry out a directive issued by Defendant that if completed would be a violation of the law.

53. Defendant discharged Plaintiff because of Plaintiff's status as a protected person.

54. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

55. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

56. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the Whistleblower's Protection Act.

57. As shown by the foregoing, as a result of her status as a protected person, Plaintiff suffered intentional unlawful discrimination.

58. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

59. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

60. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish or deter Defendant and other employers from like conduct in the future.

61. Pursuant to the provisions of the Whistleblower's Protection Act, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiff requests a trial by jury in this Court on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Marc N. Middleton
Marc N. Middleton    Mo. Bar #60002
m.middleton@cornerstonefirm.com
Megan Lowe Stiles    Mo. Bar #69202
m.stiles@cornerstonefirm.com
8350 N. St. Clair Ave. Ste 225
Kansas City, Missouri 64151
Telephone        (816) 581-4040
Facsimile         (816) 741-8889
ATTORNEY FOR PLAINTIFF